UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAMI CAUBLE, INDIVIDUALLY AND                          CIVIL ACTION
ON BEHALF OF HER MINOR SON,
JAY ALLEN VEASMAN, JR.

VERSUS                                                 NO. 16-676-SDD-RLB

CANAL INSURANCE COMPANY, ET AL

**O R D E R**

The court *sua sponte* notes the potential insufficiency of the removing defendants' allegation of the citizenship of the parties as follows:

1. __X__  A party invoking diversity jurisdiction must allege the *citizenship* of an individual. An individual's citizenship is determined by his or her domicile, rather than residence. *See Preston v. Tenet Healthsystem Memorial Medical Center, Inc.*, 485 F.3d 793, 799 (5th Cir. 2007). In addition, *see* 28 U.S.C. §1332(c)(2), for infants, the deceased and the incompetent. The *citizenship* of **Jay Allen Veasman, Jr.** is not provided.

2. ____  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business[1] of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). The state of incorporation and principal place of business of _____ is not provided.

3. ____  A party invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). Even when a liability insurer takes on its insured's citizenship under 28 U.S.C. § 1332(c)(1), its own citizenship still is considered in determining whether complete diversity exists. The state of incorporation and principal place of business of _____ is not provided.[2]

---

[1] The phrase "principal place of business" in §1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, *i.e.*, its "nerve center," which will typically be found at its corporate headquarters. *Hertz Corp. v. Friend,* 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010)

[2] See footnote 1.

4. \_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of a limited liability company. The citizenship of a limited liability company for diversity purposes is determined by the citizenship of **its members**. The citizenship of **all of the members** of a limited liability company must be properly alleged. In the event a member of a limited liability company is another limited liability company, the members of that limited liability company must be properly alleged as well. See *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). The complete citizenship of _____ is not provided.

5. \_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of a general partnership, a limited liability partnership, and a limited partnership. A general partnership, a limited liability partnership, and a limited partnership has the citizenship of each one of its partners. Both the general partner and limited partner must be alleged to establish citizenship of a limited partnership. See *International Paper Co. v. Denkmann Assoc.,* 116 F.3d 134, 137 (5th Cir. 1997); *Carden v. Arkoma Associates,* 494 U.S. 185 (1990). The citizenship of _____ is not provided.

6. \_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of Underwriters at Lloyd's, London. The citizenship of Underwriters at Lloyd's, London has not been provided. See *Corfield v. Dallas Glen Hills LP,* 355 F.3d 853 (5th Cir. 2003).

7. \_\_\_ A party invoking diversity jurisdiction must properly allege the citizenship of a sole proprietorship. A business entity cannot be both a corporation and sole proprietorship; therefore the court seeks to clarify the identity of plaintiff/defendant. Case law suggests that the citizenship of a sole proprietorship for diversity purposes is determined by the citizenship of its members and/or owners. See *Linder Enterprises v. Martinringle, No. 07-1733,* 2007 WL 3095382 (N.D. Tex., Oct. 22, 2007). The citizenship of _____ is not provided.

Accordingly,

**IT IS ORDERED**, pursuant to 28 U.S.C. §1653, that, on or before **October 31, 2016**, the plaintiffs shall file an amended complaint providing the citizenship of **Jay Allen Veasman, Jr.**, by setting forth all citizenship particulars required to sustain federal diversity jurisdiction.

Signed in Baton Rouge, Louisiana, on October 19, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**